UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KAREN BROWN and** § | | |
| **EVELYN CREEKS** § | | |
| § | | |
| Plaintiffs § | | |
| § | | |
| v. § | CIVIL ACTION NO. _____ | |
| § | | |
| **METROPOLITAN TRANSIT** § | | |
| **AUTHORITY OF HARRIS COUNTY** § | | |
| § | | |
| Defendant. § | (Jury Trial Demanded) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs, Karen Brown ("Brown") and Evelyn Creeks ("Creeks") (collectively "Plaintiffs"), complaining of and about Metropolitan Transit Authority of Harris County ("METRO" or "Defendant"), and in support shows as follows:

### I.   INTRODUCTION

1. This is an action under Title VII of the Civil Rights Act of 1964 for Defendant's unlawful employment practices on the basis of sex.

### II.   PARTIES

2. Plaintiffs, Karen Brown and Evelyn Creeks, are United States Citizens that reside in Harris County, Texas. Plaintiffs at all relevant times employees of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended.

3. Defendant, Metropolitan Transit Authority of Harris County is a local transit

authority created pursuant to Texas law. METRO may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure and/or through its President and Chief Executive Officer, Thomas C. Lambert, at 1900 Main Street, Houston, Texas 77002, or wherever else he

### III.   JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 as it arises under federal law, specifically Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5.   This Court has personal jurisdiction over the Defendant because it is a creature of Texas law and because it continuously and systemically does business within the state of Texas. Moreover, METRO employed (and still employs) Plaintiffs within the state of Texas

6.   The Southern District of Texas is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this district. Venue is also proper in this district because Defendant operated within this judicial district at all relevant times to the events giving rise to this suit.

### IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.   On October 11, 2016, Plaintiffs each timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").  In those Charges, Plaintiffs asserted that Defendant discriminated against them because of their sex.  On January 26, 2017, Brown filed an amendment to her Charge alleging that Defendant had retaliated against her for filing a Charge with the EEOC.

8.   On July 27, 2018, Plaintiffs each received a Notice of Right to Sue from the EEOC. Plaintiffs file this Original Complaint within 90 days of receiving the Right to Sue Notices from the EEOC.

## V.     FACTS

9. Brown began working for METRO as a bus driver on May 26, 1996.  Over the years Brown was promoted several times and since 2007 she has held the position Transit Bus Repair Mechanic A.

10. Creeks began working for METRO as a bus driver in May 1995.  Over the years Creeks was promoted several times and since 2004 she has held the position Transit Technician or Bus Repair Mechanic A.

11. On March 31, 2016, METRO posted two openings for the Quality Assurance Inspector position.

12. Both Plaintiffs met the minimum qualifications/requirements listed for the Quality Assurance Inspector position.

13. Both Plaintiffs applied for the Quality Assurance Inspector position.

14. Neither Plaintiff was even interviewed for the Quality Assurance Inspector position.

15. Only males were interviewed for the Quality Assurance Inspector position.

16. Ultimately, a less qualified male applicant was given the Quality Assurance Inspector position.  He did not meet the minimum qualifications/requirements listed on the Quality Assurance Inspector position job posting.

17. METRO has never had a female Quality Assurance Inspector.

18. After she filed an internal complaint and a Charge with the EEOC, Brown began receiving unwarranted reprimands and threats of termination,

## VI.     CAUSE OF ACTION No. 1:
### DISCRIMINATION BASED ON SEX UNDER TITLE VII

19. Plaintiffs incorporate all allegations made above.

20. Plaintiffs are in a protected class based gender.

21. Plaintiffs were qualified for the position of Quality Assurance Inspector.

22. Neither Plaintiff was interviewed or promoted to the position despite their experience and training.

23. A male employee that was not qualified was selected for the position.

24. Plaintiffs have been victims of unlawful discriminatory conduct in the work place in violation of Title VII, 42 U.S.C §2000e-2(a).  Plaintiffs were unlawfully subjected to disparate treatment and suffered adverse employment actions by METRO on the basis of their sex.

## VII.     CAUSE OF ACTION NO. 2:
### RETALIATION UNDER TITLE VII

25. Plaintiffs incorporate all of the allegations made above.

26. Under 42 U.S.C. §2000e-3(a), it is an unlawful employment practice for an employer to discriminate against any of its employees because that employee has opposed any practice, which constitutes discrimination based on sex.

27. Defendant retaliated against Brown for her opposition to a discriminatory practice.  After she filed an internal complaint and a Charge with the EEOC, Brown received unwarranted reprimand and threats of termination.

### VIII.     RESPONDEAT SUPERIOR AND RATIFICATION

28. Whenever in this complaint it is alleged that the Defendant, did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of

Defendant's officers, agents, servants, employees, or representatives.

## IX. DAMAGES

29. Plaintiffs seek monetary relief between $200,000 and $1,000,000.00.

30. As a direct and proximate result of Defendant's unlawful actions, Plaintiffs have sustained injuries and damages, which include, but are not limited to severe emotional distress, mental anguish, humiliation and embarrassment in the past and which in reasonable probability will be suffered in the future; past and future lost wages and benefits; loss of employment capacity; past and future medical bills, and such other damages as will be more fully shown at trial and for which Plaintiffs specifically sues herein.

31. Plaintiffs would further show that the acts of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of Plaintiffs. In order to punish Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiffs also seeks recovery from Defendant for exemplary damages.

## X. ATTORNEY'S FEE AND COSTS

32. Plaintiffs are entitled to an award of attorney's fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

## XI. JURY DEMAND

33. Plaintiffs request a trial by jury on all issues that can be tried to a jury.

## XII. PRAYER

WHEREFORE, premises considered, Plaintiffs prays that the Defendant be cited to appear and answer herein, and that upon a final trial, judgment be entered for the Plaintiffs against Defendant for:

    a.    actual and consequential damages, including, but not limited to back pay (wages and benefits) and medical bills in the past and future;

b. compensatory damages, including, but not limited to severe emotional distress, mental anguish, humiliation and embarrassment in the past and which in reasonable probability will be suffered in the future;

c. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

d. Reasonable attorney's fees, with conditional awards in the event of appeal;

e. Pre-judgment interest at the highest rate permitted by law;

f. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g. Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

h. Such other and further relief, at law or in equity, to which Plaintiffs may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

By: */s/Sara Richey*
Sara Richey
Attorney-in-Charge
Federal Bar No: 1147425
Texas Bar No.: 24068763
3801 Kirby Dr., Suite 344
Houston, TX 77098
Tel. (713) 636-9931
Fax. (713) 333-5299
sara@thericheylawform.com

ATTORNEY FOR PLAINTFFS